UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EBRAHIM ABDULMALEK ABDU
GHABESHA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1351

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or that the Court provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.14–16.)

In an order entered on April 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the January 8, 2026, bond hearing on April 30, 2026, (Resp., ECF No. 7; Recording of Jan. 8, 2026, Bond Hearing, filed on Apr. 30, 2026), and Petitioner filed his reply on May 1, 2026, (ECF No. 8).

## II.    Relevant Factual Background

Petitioner "is a citizen of Yemen who was born in Qatar." (Pet., ECF No. 1, PageID.5.) On December 12, 2025, ICE arrested Petitioner. (*Id.*, PageID.6.)

On March 11, 2026, in *Ghabesha v. Dunbar* (*Ghabesha I*), No. 1:26-cv-795 (W.D. Mich.), Petitioner filed a § 2241 petition challenging the constitutionality of the Immigration Court's January 8, 2026, bond denial. In *Ghabesha I*, the Court denied Petitioner's petition without prejudice because "while the immigration judge used an improper burden of proof in reaching the flight-risk finding, the immigration judge used the proper burden of proof in finding Petitioner was a danger to the community." Op. & Jud., *Ghabesha I*, (W.D. Mich. Apr. 23, 2026), (ECF Nos. 8, 9).

## III.    Discussion

In Petitioner's present § 2241 petition, Petitioner again requests that the Court review the immigration judge's decision to deny Petitioner's request for bond following the January 8, 2026, bond hearing in Immigration Court. (Pet., ECF No. 1.) Petitioner asserted essentially the same arguments in *Ghabesha I*. Pet., *Ghabesha I*, (W.D. Mich. Mar. 11, 2026), (ECF No. 1). As addressed by the Court in *Ghabesha I*, "Respondent must prove by clear and convincing evidence *either* that Petitioner is a flight risk *or* that Petitioner is a danger to the community for Petitioner not to receive bond," and following the January 8, 2026, bond hearing, "the immigration judge used the proper burden of proof in finding Petitioner was a danger to the community." Op., *Ghabesha I*, (W.D. Mich. Apr. 23, 2026), (ECF No. 8, PageID.252) (emphasis in original).

Therefore, for the same reasons set forth in the Court's opinion in *Ghabesha I*, the Court will deny

Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:        May 8, 2026                           /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge